**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4894-15T2

NANCY GANJOIN,

    Plaintiff-Respondent,

v.

BRUCE HALL,

    Defendant-Appellant.

_____

Submitted July 18, 2017 — Decided November 17, 2017

Before Judges Ostrer and Leone.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1542-98.

Jeney, Jeney & O'Connor, LLC, attorneys for appellant (Robert J. Jeney, Jr., on the brief).

Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial matter, the trial court compelled defendant and his ex-wife to share equally the cost of a court-appointed forensic accountant. The court found that both parties were to "some extent not cooperative with each other with

regard to discovery," requiring the appointment. Defendant appeals, contending the court should have assigned the entire cost to his ex-wife, because only questions about her income and assets prompted hiring the forensic accountant, and only her lack of cooperation increased the accountant's fee. As we discern no basis in the record for the court's conclusion that the parties were equally responsible for the accountant's services, we vacate the order and remand.

Nancy Ganjoin and Bruce Hall were divorced in 1998 with a young child. They agreed to share their child's future college education costs, in accordance with their "respective financial abilities at that time." However, when their child was ready to attend college, they could not agree. Ganjoin filed a motion to compel Hall to contribute. He responded that he could not afford to contribute, and cross-moved to reduce his child support and questioned Ganjoin's current income and assets.

Supported by a case information statement, Hall stated he earned a modest five-figure income as a truck driver, and had a net worth of roughly three times that, consisting mainly of retirement savings. According to her CIS, Ganjoin also had a five-figure income, but twenty-percent higher than Hall's, which she said consisted of income from various rental properties.

A-4894-15T2

However, her seven-figure net worth was almost ten times Hall's, mainly due to her real estate holdings.

Hall questioned the accuracy of Ganjoin's submission. He noted she had been a self-employed builder, but failed to report in her most recent CIS income and assets from that business and other sources that she had disclosed in previous CISs. He alleged she significantly reduced the value of her real estate since her prior filings. Also, he noted her personal budget far exceeded her reported income.

After a case management conference, the court entered an order appointing the accountant "to determine Plaintiff's existing income from her various businesses." The court required the parties to split the cost evenly "subject to readjustment by the Court upon completion of his services . . . ."

Plaintiff failed to disclose certain requested documents. The accountant contended, in a letter to the court, that plaintiff's failure delayed completion of his work. Over a year after the accountant's appointment, the court directed the accountant to complete his report based on the information submitted.

On the eve of a plenary hearing, the parties agreed defendant would be responsible for fifteen percent of the costs and expenses of their child's attendance at a named private university, and he

would be relieved of his prior weekly child support obligation. However, the court's order stated the parties would attempt to resolve their differences regarding the accountant's "outstanding invoice," or return to court. "All other issues [were] . . . waived."

After the parties failed to reach agreement about the accountant's fee, the court invited written submissions. Defendant's counsel asserted that plaintiff should be responsible not only for the outstanding invoice, but also the payments defendant had already made. Counsel contended that the accountant's report verified that plaintiff had, in various respects, significantly understated her income in her initial motion. He also cited the accountant's statement in a letter to the court, that plaintiff's lack of cooperation had increased his work's cost.

Plaintiff's counsel contended the accountant's work exceeded the scope necessary. Counsel also challenged the expert's findings; and criticized aspects of his billings. He argued that the order did not permit defendant to claim plaintiff pay any part of his fifty percent share.

Thereafter, the accountant submitted a final invoice, and statement of payments by the parties. Plaintiff had paid $6920.50,

4

defendant had paid $6831.75, and an adjusted $10,000 remained due, after the accountant wrote off $8692.75.

Without hearing further argument or evidence, the court entered its order requiring defendant to pay $5044, and plaintiff $4956. When added to prior payments, the parties were responsible for virtually identical amounts. This appeal followed.[1]

The family court has the authority to appoint an economic expert if it concludes the expert will assist in disposing of an economic issue. R. 5:3-3(c). When the court appoints an expert, it has discretion to direct who pays the costs. R. 5:3-3(i). In determining how to allocate such costs, a judge may take into account the same factors outlined in Rule 5:3-5(c) governing awards of attorney's fees. See Platt v. Platt, 384 N.J. Super. 418, 429 (App. Div. 2006) (allocating expert fees in divorce case). These include, among other factors: the parties' financial circumstances and ability to pay; their good faith; the reasonableness of their positions; their cooperation with discovery; and the results obtained. See R. 5:3-5(c).

We review such allocation decisions for an abuse of discretion. Platt, supra, 384 N.J. Super. at 429. We accord deference to the Family Court, see Cesare v. Cesare, 154 N.J. 394,

---

[1] Plaintiff did not file a brief in opposition to defendant's appeal.

A-4894-15T2

411-12 (1998), yet we will set aside a discretionary decision that lacked support in the record, ibid., or was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "Naked conclusions" do not fulfill the court's duty to find facts and set forth its reasoning. See Curtis v. Finneran, 83 N.J. 563, 570 (1980); Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996); R. 1:7-4(a).

Having carefully reviewed the record, we find no support for the court's conclusory finding that the parties were on an equal footing regarding their cooperation with discovery. The court's own order appointed the expert to review only plaintiff's finances, evidently in response to defendant's assertion that plaintiff had understated her income. The expert contended that plaintiff did not cooperate with the production of documents, which inflated his fees. There was no allegation that defendant was delinquent in discovery, or that he had to produce documents to the accountant, let alone that he was uncooperative with the accountant and increased the extent of his fees. Notably, plaintiff raised no question about the accuracy of defendant's financial disclosures. On the other hand, the accountant found support for defendant's

assertions that plaintiff did not present a full and accurate picture of her finances. Thus, the record indicates defendant's position was reasonable and the results favored him.

Of course, the accountant's contentions might be inaccurate, and thus plaintiff may have acted in good faith. However, the court could not reach those conclusions without holding a plenary hearing. On the current record, nothing supported the court's conclusion that defendant and plaintiff were equally uncooperative.

Even if the court were ultimately to find that plaintiff did not act in bad faith, the striking disparities in the parties' assets and income were worthy of consideration. "Fees in family actions are normally awarded to permit parties with unequal financial positions to litigate (in good faith) on an equal footing." J.E.V. v. K.V., 426 N.J. Super. 475, 493 (App. Div. 2012) (quoting Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)).

Although we discern insufficient support for the court's order, we reject defendant's suggestion that the court should have reallocated the payments already made. Although the original order said the division of the accountant's fees was subject to readjustment after completion of his services, the plain language of the settlement order left open only the "outstanding invoice."

The parties waived all other issues, which we interpret to include past payments.[2]

In sum, we vacate the court's order and remand for reconsideration of its decision. We leave it to the court to determine whether a plenary hearing is necessary.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We recognize that plaintiff argued before the trial court that the settlement order did not preserve the allocation issue at all, apparently contending that the only issue preserved was the amount of the invoice. However, the plain language is not so narrow, and no extrinsic evidence was presented to support plaintiff's interpretation.

A-4894-15T2